MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant, Winston Ballew, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of gross sexual imposition pursuant to R.C. 2907.05. For the following reasons, we affirm the judgment of the trial court.
The record indicates that, in December 1997, Ballew was indicted on two counts of rape and four counts of gross sexual imposition. The charges proceeded to a jury trial beginning in March 1998.
At trial, the state presented the testimony of the two alleged victims, both of whom were nine years old at the time of the offenses. The first victim who testified stated that, on one occasion, Ballew touched her genital area and her buttocks while she was visiting Ballew's residence and that, on another occasion, Ballew lay on top of her and rubbed his genital area against her genital area. The girl testified that this second incident occurred in a bed at the Ballew residence and that Ballew had engaged in similar contact with the other victim at that same time and location. This victim also testified that, in a separate incident, Ballew penetrated her vagina with his penis.
The second victim testified that she lived in the same residence with Ballew. She stated that, on one occasion, Ballew asked her to get into bed and then got on top of her and rubbed his genital area against her genital area. She testified that, on a separate occasion, similar contact occurred on the couch in the living room of the residence. The girl also testified as to the incident that occurred in the bed while the other victim was present and stated that at that time Ballew got on top of her and rubbed his genital area against her genital area. The final incident that this victim described occurred in the kitchen of the residence. She stated that she was lying across two kitchen chairs and that Ballew again got on top of her and rubbed his genital area against her genital area.
At the close of the state's evidence, the rape charge in count 2 was amended to reflect the charge of gross sexual imposition. The jury returned a verdict of not guilty as to the remaining rape charge and verdicts of guilty as to five counts of gross sexual imposition. Two of the guilty verdicts related to the first victim who testified and the other three related to the second victim. The trial court sentenced Ballew to consecutive terms of incarceration, and this appeal followed.
In the first assignment of error, Ballew argues that the jury verdicts were contrary to the manifest weight of the evidence. This argument is not well taken. To reverse a jury verdict as against the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, and conclude that, in resolving the conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[1]
In the instant case, the jury verdicts were not contrary to the evidence. The relevant portion of the statute governing gross sexual imposition, R.C. 2907.05(A)(4), provides that no person shall have sexual contact with another who is not the spouse of the offender when "[t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person." The term "sexual contact" is defined in R.C. 2907.01(B) and "means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
Here, the two victims testified that, on multiple occasions, Ballew engaged in contact with their genital areas or buttocks. The two young girls were able to provide specific testimony as to the location of the offenses and other circumstances of the crimes. Thus, the state was able to adduce competent evidence as to each element of the charged offenses.
Ballew claims on appeal, however, that his denial of the sexual contact, coupled with inconsistencies in the victims' testimony and the absence of any evidence that the girls appeared traumatized by the offenses, rendered the convictions contrary to the weight of the evidence. We are not persuaded. Questions of credibility are properly reserved for the trier of fact,[2] and we cannot say as a matter of law that the jury improperly weighed the evidence in the instant case. Therefore, we overrule the first assignment of error.
In the second and final assignment of error, Ballew contends that the trial court erred in giving the jury the instruction set forth in State v. Howard[3] after approximately seven and one-half hours of deliberation. We disagree.
The decision to provide the supplemental instruction approved inHoward is within the sound discretion of the trial court and therefore will not be reversed absent an abuse of that discretion.[4] An abuse of discretion means more than a mere error of law or judgment; it implies that the court's decision is unreasonable, arbitrary, or unconscionable.[5]
In the case at bar, the jury informed the court that it was deadlocked on four of the counts after approximately three and one-half hours of deliberation. Thereafter, the court allowed the jury to deliberate for approximately four more hours before giving the Howard charge. Thus, contrary to Ballew's suggestion on appeal, the trial court did not proceed straight to the Howard
charge upon being informed of the deadlock but rather allotted the jury substantially more time to attempt to reach a verdict. Moreover, even were we to accept Ballew's argument that it would have been prudent for the trial court to have allowed the jury to deliberate for a longer period of time before giving the Howard
charge, we could not say that its decision to give the charge when it did was unreasonable, arbitrary, or unconscionable. The second assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 26, 1999 per order of the Court _______________________________.
Presiding Judge
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[2] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
[3] (1989), 42 Ohio St.3d 18, 537 N.E.2d 188. The Howard
charge is given to the jury to emphasize the importance of its reaching a verdict.
[4] State v. Watley (June 26, 1998), Hamilton App. No. C-970452, unreported, jurisdictional motion overruled (1998),83 Ohio St.3d 1475, 701 N.E.2d 381.
[5] State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144, 149.